NO. 12-04-00041-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ANDY SCOTT,                                                   §                 APPEAL FROM THE 321ST
APPELLANT

 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS FOR THE
PROTECTION OF SHIRLEY TABLER,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Andy Scott appeals a protective order. Scott presents three issues on appeal. We
affirm.
Background
            On October 15, 2003, the State filed an application for a protective order on behalf of Shirley
Tabler. Scott was the respondent. The State, on behalf of Tabler, alleged that Scott committed acts
of family violence and that family violence was likely to occur in the future. In an affidavit attached
to the application, Judy Weaver, Tabler’s sister, alleged that Scott was responsible for injuries Tabler
suffered on or about September 30, 2003, including head trauma, two compressed fractures of the
head, punctured lungs, multiple broken ribs, crushed pelvis, broken ankles, loss of sense of smell,
and intermittent consciousness. On November 21, the trial court held a hearing on the protective
order. At the time of the hearing, Tabler was hospitalized and had undergone over seventeen
surgical procedures. 
            At the conclusion of the hearing, the trial court granted the State’s application for protective
order. In its order signed November 25, 2003, the trial court found that Scott had committed family
violence and that family violence is likely to occur in the future. The trial court prohibited Scott
from communicating directly with Tabler in any manner, communicating with Tabler in any manner
through any person, and from going within 500 yards of Tabler’s residence located at 914 West Fifth
Street, Tyler, Smith County, Texas or any other place where Tabler may reside during the time the
protective order is in effect. This appeal followed.
 
Protective Order
            In his first issue, Scott contends that the trial court abused its discretion by entering a
protective order prohibiting him from communicating directly with Tabler in any manner. In his
second issue, Scott argues that the trial court abused its discretion by entering a protective order
prohibiting him from communicating with Tabler in any manner through any person. In his third
issue, Scott contends that the trial court abused its discretion by entering a protective order
prohibiting him from going within 500 yards of Tabler’s residence located at 914 West Fifth Street,
Tyler, Smith County, Texas. 
Applicable Law
            The test for abuse of discretion is whether the trial court acted without reference to any
guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985). In other words, the reviewing court must decide whether the trial court’s act was
arbitrary or unreasonable. Id. at 242. However, the mere fact that a trial judge may decide a matter
within his discretionary authority in a different manner than an appellate judge in a similar
circumstance does not demonstrate than an abuse of discretion has occurred. Id. If an appellant
contends that there has been an abuse of discretion by the trial court, the appellant must demonstrate
how the trial court has acted unreasonably or arbitrarily, by misapplying the law or by acting without
reference to guiding rules and principles. Matter of A.J.G., 131 S.W.3d 687, 691 (Tex.
App.–Corpus Christi 2004, pet. denied). Moreover, a brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record. Tex.
R. App. P. 38.1(h).
Analysis
            In his first two issues, Scott’s sole argument is that as a consequence of the protective order’s 
prohibitions, he cannot contact Tabler and that she must wonder why he has not contacted her. As
a result, he and, most likely, Tabler have suffered “immense psychological damage.” Scott’s first
two arguments do not contain any citations to the record other than to the protective order itself, nor
do they contain a discussion of how the trial court’s prohibitions were unreasonable or arbitrary. 
Because Scott failed to demonstrate the trial court’s abuse of discretion and failed to comply with
the Texas Rules of Appellate Procedure, we conclude that Scott has waived his challenge to these
provisions of the trial court’s protective order. See Tex. R. App. P. 38.1(h); Matter of A.J.G., 131
S.W.3d at 691. Accordingly, we overrule Scott’s first and second issues. 
            In his third argument, Scott contends that the trial court abused its discretion by prohibiting
him from going within 500 yards of Tabler’s residence in Tyler, Texas because, at the time of the
hearing, it was not Tabler’s residence nor did she own or lease the property. Scott argues that there
is no evidence that she would ever reside at the location or that she would recover sufficiently from
her injuries to live independently. Moreover, Scott argues that he is unable to protect the property,
which he owns, because of the protective order.
            Scott points out that Tabler neither owns or leases the residence. Relying on section 85.021
of the Texas Family Code, he concludes that the trial court was without authority to give her
exclusive possession of the residence. See Tex. Fam. Code Ann. § 85.021 (2)(A)-(C) (Vernon
2002) (permitting granting exclusive possession of residence to party who is an owner or lessee).
However, section 85.021 pertains to a protective order “applying to any party.” See Tex. Fam. Code
Ann. § 85.021 (Vernon 2002). Section 85.022 relates to a protective order against a person who has
committed family violence. See Tex. Fam. Code Ann. § 85.022 (Vernon 2002).
             In this case, the trial court found that Scott had committed family violence and that family
violence was likely to occur in the future. As such, section 85.022 applies. Section 85.022
authorizes the trial court to prohibit the person found to have committed family violence from going
to or near the residence of a person protected by an order. Tex. Fam. Code Ann. § 85.022(b)(3)
(Vernon 2002).
            In the hearing, both Scott and Weaver testified that Tabler lived in a house provided or
owned by Scott since 1987. According to Scott, he supported Tabler, and Weaver admitted that
Tabler held only one or two jobs briefly. Although Tabler was in the hospital at the time of the
hearing, the evidence tended to show that her residence was the house owned or provided by Scott
in Tyler. Because the trial court found that Scott had committed family violence, the trial court did
not abuse its discretion by prohibiting him from going within 500 yards of Tabler’s residence. See
Tex. Fam. Code Ann. § 85.022(b)(3). Accordingly, we overrule Scott’s third issue.
 
Disposition
            The judgment of the trial court is affirmed.
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
 
Opinion delivered May 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


















(PUBLISH)